UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFFORD PAUL SMITH,<br><br>              Petitioner,<br><br>     v.<br><br>DEAN BORDERS, Warden,<br><br>              Respondent. | Case No. EDCV 17-2156 JLS(JC)<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND ACTION WITHOUT PREJUDICE |

**I.    SUMMARY**

On October 20, 2017, petitioner Clifford Paul Smith, a California prisoner who is proceeding *pro se*, formally filed a Petition for Writ of Habeas Corpus ("Current Federal Petition") with multiple attached exhibits. Petitioner challenges his conviction in Riverside County Superior Court Case No. SWF025150 ("State Case").

Based on the record (including facts as to which this Court takes judicial notice as detailed below) and the applicable law, the Current Federal Petition and this action are dismissed without prejudice for lack of jurisdiction because petitioner did not obtain the requisite authorization from the Court of Appeals to file a successive petition. Further, the Clerk of the Court is directed to refer the

Current Federal Petition to the United States Court of Appeals for the Ninth Circuit ("Ninth Circuit") pursuant to Ninth Circuit Rule 22-3(a).[1]

## II. PROCEDURAL HISTORY[2]

### A. Pertinent State Proceedings Relating to the State Case

On July 30, 2008, a Riverside County Superior Court jury found petitioner guilty of murder and assault on a child causing death. On January 9, 2009, the trial court sentenced him to a total of 25 years to life in state prison. On June 21, 2010, in Case No. E047485, the California Court of Appeal affirmed the judgment in the State Case. On September 1, 2010, in Case No. S184860, the California Supreme Court denied review. Petitioner thereafter sought and was denied habeas relief in the Riverside County Superior Court, the California Court of Appeal (Case Nos. E067339, E068114), and the California Supreme Court (Case Nos. S194932, S242147).

### B. First Federal Action

On July 12, 2012, petitioner filed a First Amended Petition for Writ of Habeas Corpus in the First Federal Action ("Operative Prior Federal Petition") in

---

[1] Ninth Circuit Rule 22-3(a) provides in pertinent part: "Any petitioner seeking authorization to file a second or successive 2254 petition . . . in the district court must file an application in the Court of Appeals demonstrating entitlement to such leave under 28 U.S.C. § 2254 . . . . If a second or successive petition . . . is mistakenly submitted to the district court, the district court shall refer it to the [C]ourt of [A]ppeals."

[2] The procedural history set forth in this section is derived from the Current Federal Petition and supporting documents, public dockets and court records in the referenced cases of the California Court of Appeal, Fourth Appellate District, Division 2 ("California Court of Appeal") and the California Supreme Court (accessible via http://appellatecases.courtinfo.ca.gov) of which this Court takes judicial notice, and the public docket and court records in the following Central District of California ("CDCA") and Ninth Circuit cases of which this Court takes judicial notice: (1) Clifford Paul Smith, Jr. v. Timothy Busby, CDCA Case No. EDCV 12-92 GHK(JC) ("First Federal Action"); and (2) Clifford Paul Smith, Jr. v. Timothy E. Busby, Ninth Circuit Case No. 15-55865 ("Ninth Circuit Action"). See Fed. R. Evid. 201; Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (court may take judicial notice of undisputed matters of public record including documents on file in federal or state courts).

which petitioner challenged the judgment in the State Case. On May 8, 2015, the assigned United States District Judge accepted the United States Magistrate Judge's Report and Recommendation recommending denial of the Operative Prior Federal Petition on the merits and dismissal with prejudice. On May 11, 2015, judgment was entered denying the Operative Prior Federal Petition and dismissing the First Federal Action with prejudice. On January 19, 2016, the Ninth Circuit denied petitioner a certificate of appealability in the Ninth Circuit Action.

### C. Current Federal Petition

As noted above, on October 20, 2017, petitioner formally filed the Current Federal Petition which again challenges the judgment in the State Case.

The record does not reflect that petitioner has obtained authorization from the Ninth Circuit to file the Current Federal Petition in District Court.[3]

## III. DISCUSSION

Before a habeas petitioner may file a second or successive petition in a district court, he must apply to the appropriate court of appeals for an order authorizing the district court to consider the application. Burton v. Stewart, 549 U.S. 147, 152-53 (2007) (citing 28 U.S.C. § 2244(b)(3)(A)). This provision "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district court." Felker v. Turpin, 518 U.S. 651, 657 (1996); see also Reyes v. Vaughn, 276 F. Supp. 2d 1027, 1028-30 (C.D. Cal. 2003) (discussing applicable procedures in Ninth Circuit). A district court lacks jurisdiction to consider the merits of a second or successive habeas petition in the absence of proper authorization from a court of appeals. Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam) (citing United States v. Allen, 157 F.3d 661, 664 (9th Cir. 1998)), cert. denied, 538 U.S. 984 (2003).

---

[3]A search of the court's PACER system does not reflect that petitioner has been granted leave to file a second or successive petition by the Ninth Circuit.

1    The court of appeals may authorize the filing of a second or successive
2 petition only if it determines that the petition makes a prima facie showing that at
3 least one claim within the petition satisfies the requirements of 28 U.S.C.
4 Section 2244(b), *i.e.*, that a claim which was not presented in a prior application
5 (1) relies on a new rule of constitutional law, made retroactive to cases on
6 collateral review by the Supreme Court; or (2) the factual predicate for the claim
7 could not have been discovered previously through the exercise of due diligence
8 and the facts underlying the claim would be sufficient to establish that, but for
9 constitutional errors, no reasonable factfinder would have found the applicant
10 guilty of the underlying offense. Nevius v. McDaniel, 104 F.3d 1120, 1120-21
11 (9th Cir. 1997); Nevius v. McDaniel, 218 F.3d 940, 945 (9th Cir. 2000).
12    A second or subsequent habeas petition is not considered "successive" if the
13 initial habeas petition was dismissed for a technical or procedural reason, rather
14 than on the merits. See Slack v. McDaniel, 529 U.S. 473, 485-487 (2000) (second
15 habeas petition not "successive" if initial habeas petition dismissed for failure to
16 exhaust state remedies); Stewart v. Martinez-Villareal, 523 U.S. 637, 643-645
17 (1998) (second habeas petition not "successive" if claim raised in first habeas
18 petition dismissed as premature); but see McNabb v. Yates, 576 F.3d 1028, 1030
19 (9th Cir. 2009) (dismissal on statute of limitations grounds constitutes disposition
20 on the merits rendering subsequent petition "second or successive"); Henderson v.
21 Lampert, 396 F.3d 1049, 1053 (9th Cir.) (dismissal on procedural default grounds
22 constitutes disposition on the merits rendering subsequent petition "second or
23 successive"), cert. denied, 546 U.S. 884 (2005); Plaut v. Spendthrift Farm, Inc.,
24 514 U.S. 211, 228 (1995) (dismissal for failure to prosecute treated as judgment on
25 the merits) (citations omitted).
26    The Operative Prior Federal Petition in the First Federal Action was denied
27 on its merits – not for a technical or procedural reason. Accordingly, the Current
28 Federal Petition is successive. Since petitioner filed the Current Federal Petition

without authorization from the Ninth Circuit, this Court lacks jurisdiction to consider it.

## IV. ORDER

IT IS THEREFORE ORDERED that the Current Federal Petition and this action are dismissed without prejudice. The Clerk of the Court is directed to refer the Current Federal Petition to the Ninth Circuit pursuant to Ninth Circuit Rule 22-3(a).

IT IS SO ORDERED.

DATED: November 20, 2017



_____
HONORABLE JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE